# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-1791V

|  |  |
|---|---|
| CHRISTIE TRAHAN,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 26, 2026 |

*Daniel Alholm, Alholm Law PC, Chicago, IL, for Petitioner.*

*Michael Bliley, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On October 12, 2023, Christie Trahan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on December 20, 2021. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 9, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On January 23, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $78,605.49, comprised of $72,500.00 for pain and suffering and $6,105.49 for past unreimbursed expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $78,605.49, comprised of $72,500.00 for pain and suffering and $6,105.49 for past unreimbursed expenses, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| CHRISTIE TRAHAN,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | No. 23-1791V<br>Chief Special Master Corcoran<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 12, 2023, Christie Trahan ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine she received on December 20, 2021. Petition at 1. On September 9, 2024, petitioner filed a Motion for a Ruling on the Record ("Motion") arguing that she has established entitlement to compensation for her SIRVA. ECF No. 23. Respondent filed his Response to Petitioner's Motion on November 8, 2024, recommending that entitlement to compensation be denied. ECF No. 24. On December 9, 2025, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation.[1] ECF No. 26.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's December 9, 2025, entitlement decision.

I.      **Items of Compensation**

A.      <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $72,500.00 in pain and suffering.

*See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.      <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable

expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be

awarded past unreimbursable expenses in the amount of $6,105.49.  *See* 42 U.S.C. § 300aa-

15(a)(1)(B).  Petitioner agrees.

This amount represents all elements of compensation to which petitioner is entitled under

42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.     **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respondent recommends that the compensation provided to petitioner should be made through a

lump sum payment of **$78,605.49** to be paid through an ACH deposit to petitioner's counsel's

IOLTA account for prompt disbursement to petitioner.[2]  This lump sum payment represents all

elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).

Petitioner agrees.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future lost earnings
and future pain and suffering.

2

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

/s/ *Michael S. Bliley*
MICHAEL S. BLILEY
Trial Attorney
Torts Branch, Civil Division
U.S.  Department of Justice
P.O.  Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel:  (202) 616-4357
Michael.Bliley@usdoj.gov

Date: January 23, 2026