# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 23-1791V

|  |  |
|---|---|
| CHRISTIE TRAHAN,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: April 15, 2026 |

*Daniel Alholm, Alholm Law PC, Chicago, IL, Washington, for Petitioner.*

*Michael Bliley, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 12, 2023, Christie Trahan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on December 20, 2021. Petition at 1. On December 9, 2025, I issued a ruling on entitlement finding Petitioner entitled to compensation, following briefing by the parties. ECF No. 26.  On January 26, 2026,  I issued a decision awarding damages to Petitioner based on the Respondent's proffer. ECF No. 32.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $45,098.50 (representing $44,268.00 in fees plus $830.50 in costs). Application for Attorneys' Fees and Costs ("Motion") filed January 28, 2026, ECF No. 36. Furthermore, Petitioner filed a signed statement representing that no personal out of pocket expenses were incurred. ECF No. 36-4 at 2.

Respondent reacted to the motion on February 12, 2026, representing that he is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 37. Petitioner indicated thereafter that she does not intend to file a substantive reply. ECF No. 38.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and will therefore be awarded herein. Petitioner requests the rate of $550.00 for work performed in 2026 by attorney Daniel Alholm. This represents a rate increase of $50.00 from the previous year. Petitioner requests a paralegal rate of $200.00 for paralegal work performed in 2026 by attorney Daniel Alholm. Petitioner also requests a rate of $200.00 for work performed in 2026 by paralegal Grace Cottingham. These rates are all reasonable and are hereby awarded herein.

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing on entitlement to be excessive – although not egregiously so. *See* Petitioner's Motion for a Ruling on the Record, filed Sept. 9, 2024, ECF No. 23; Petitioner's Reply to Respondent's Response to Petitioner's Motion for a Ruling on the Record, filed Nov. 15, 2024, ECF No. 25. Petitioner's counsel expended approximately 19.5 hours drafting the entitlement brief, 6.4 hours drafting the responsive brief, totaling 25.9[3] hours. ECF No. 36-2 at 7-9.

It is unreasonable for counsel to spend so much time briefing the issue of entitlement in this case. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[4] in which attorneys have accomplished this task in about half the time.[5] *See*, e.g., *Fletcher v. Sec'y of Health & Hum. Servs.*, No. 20-0127V (Apr. 25, 2024) (12.7 and 9.0 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Lamine v. Sec'y of Health & Hum. Servs.*, No. 20-1560V (Mar. 27, 2024) (8.9 and 7.2 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Davenport v. Sec'y of Health & Hum. Servs.*, No. 20-0206V (Mar. 25, 2024) (16.5 and 2.6 hours billed for drafting an entitlement brief and a responsive entitlement brief, respectively); *Graczyk v. Sec'y of Health & Hum. Servs.*, No.

---

[3] This total is calculated as follows: 25.9 hours billed on 9/4/2024, 9/5/2024, 9/7/2024, 9/9/2024, 11/9/2024, 11/13/2024, 11/14/2024, 11/15/2024 at a rate of $475.00 by attorney Daniel Alholm.  ECF No. 36-2 at 7-9.

[4] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. See *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[5] These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc

21-0376V (Feb. 9, 2024) (5.8 and 8.3 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Sisneros v. Sec'y of Health & Hum. Servs.*, No. 20-2070V (Feb. 8, 2024) (0.8 and 10.5 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Strand v. Sec'y of Health & Hum. Servs.*, No. 20-0365V (Feb. 5, 2024) (7.9 and 7.2 hours billed for drafting an entitlement brief and a responsive entitlement brief, respectively); *Griswold v. Sec'y of Health & Hum. Servs.*, No. 19-1674V (May 30, 2024) (5.0 and 2.0 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *McCallum v. Sec'y of Health & Hum. Servs.*, No. 19-1991V (May 19, 2023) (8 hours billed for drafting an entitlement brief); *Weso v. Sec'y of Health & Hum. Servs.*, No. 19-0596V (May 16, 2024) (6.0 and 1.1 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively).

Of course, having prevailed in this case, a fees award is generally appropriate (ECF No. 32). But the Act permits only an award of a *reasonable* amount of attorney's fees. Accordingly, I will reduce the sum to be awarded for entitlement briefing (a total of 25.9 hours, or $12,302.50) by *ten* percent.[6] Such an across-the-board reduction (which I am empowered to adopt)[7] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shade accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $1,230.25**.[8]

## ATTORNEY COSTS

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 36-3 at 2-7. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for

---

[6] Because the amount of excessive hours was not as egregious as in other cases, I will reduce the hours billed by a lower amount than I otherwise would apply. *See,* e.g., *Havis v. Sec'y of Health & Hum. Servs.,* No. 21-0583V, 2025 WL 2538903 (Fed. Cl. Spec. Mstr. July 31, 2025) (applying a 30 percent reduction).

[7] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[8] This amount is calculated as follows: $12,302.50 x .10 = $1,230.25.

successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$43,868.26 (representing $43,037.76 in fees plus $830.50 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[9]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.